IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:08-cv-00338 |
| 0.14 ACRE OF LAND, MORE OR LESS,<br>SITUATE IN STARR COUNTY, STATE OF<br>TEXAS, PAUL ALEX WEAVER, *et al.*,<br>*Defendants*. | § § § § § | |

### UNITED STATES OF AMERICA'S ADVISORY TO THE COURT ON REOPENING ADMINISTRATIVELY CLOSED CASE

Plaintiff, United States of America ("United States"), through the undersigned Assistant United States Attorney, files this Advisory to inform the Court that the issues of title and just compensation remain unresolved in the above-styled case. This case has remained administratively closed since September 24, 2008[1], however, the Court has maintained jurisdiction to address claims by interested parties added after the administrative closing of the case.[2] Accordingly, the United States files this advisory to inform the Court that reopening the above-styled case is necessary at this time.

### I.   BACKGROUND

1. On June 30, 2008, pursuant to the Declaration of Taking Act (40 U.S.C. § 3114), and Federal Rule of Civil Procedure 71.1, the United States filed a Complaint in Condemnation[3] and a Declaration of Taking[4] to acquire a fee interest in a 0.14 acre tract of land, identified as tract RGV-RGC-2003, for purposes of the border infrastructure project.[5]

---

[1] *See* Dkt. No. 10 at 3-4, ¶ 13.
[2] *See Id.*
[3] Dkt. No. 1.
[4] Dkt. No. 2.
[5] Schedules "C," "D," & "E," Dkt, Nos. 1-1 at 6-10; 2-1 at 6-10.

2. On July 3, 2008, the United States deposited $9,600.00 in the Registry of the Court as estimated just compensation.[6] Upon deposit of the estimated just compensation, title to the tract identified as RGV-HRL-2003 vested in the name of the United States by operation of law.[7]

3. The United States and landowner Defendant Paul Weaver filed a "Joint Motion for Order Establishing Just Compensation and Distributing Funds on Deposit in the Registry of the Court"[8] September 22, 2008. At the time, the United States had not obtained a precise survey of land taken, or had finalized its title examination of the land taken. Because Defendant Paul Weaver stipulated to being the sole owner of Tract RGV-HRL-2003 on the date of taking, the parties stipulated to the resolution of the just compensation issue and requested "that the Court administratively close this case with the understanding that case [could] be reopened should any additional real party in interest with a claim upon the compensation be identified as a result of [final] title examinations and, if necessary, to clarify the precise taking pursuant to a metes and bounds survey."[9]

4. On September 24, 2008, the Court entered an Agreed Order[10], which established that $9,600.00, the full amount on deposit, constituted just compensation for the United States' taking of Tract RGV-HRL-2003, and entered judgment in favor of Defendant Paul Alex Weaver for that amount, less $859.62 paid to the Cameron County Tax Assessor-Collector for real estate taxes and assessments accrued.[11] The Court further administratively closed this case, but

---

[6] Dkt. No. 4 at 1.
[7] Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Registry of the Court, the following events occur by operation of law: "1 title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas. Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit.").
[8] Dkt. No. 9.
[9] *Id.* at 3, ¶ 11.
[10] Dkt. No. 10.
[11] *Id.* at 1-2, ¶¶ 2-6.

"retain[ed] jurisdiction over this matter, if necessary, to address any additional claims by real parties in interest revealed by the title examination and to clarify the description of the property as shown by the survey results."[12]

5. On September 16, 2010, the United States filed an Amendment to Complaint in Condemnation[13] ("Amended Complaint") and Amendment to Declaration of Taking[14] ("ADT") to clarify the legal description of Tract RGV-HRL-2003 and the accompanying plat to accurately reflect the results of final survey of Tract RGV-HRL-2003; to clarify the estate taken in Tract RGV-HRL-2003 in order to assure landowners that water distribution and drainage systems were not taken and that landowners have continued access to larger parcels via an easement appurtenant previously acquired by the United States for border barrier purposes; and to add as defendants all known parties having or claiming an interest in Tract RGV-HRL-2003 who were identified in title examination results received after institution of this case.[15]

6. On April 13, 2011, the United States and Defendants Paul Alex Weaver, Leonel Bazan, and Sharyland Water Supply Corporation stipulated to the United States' partial revestment of water rights to said Defendants, which were previously taken by the United States by operation of law on July 3, 2008 upon the vesting of title.[16] On April 14, 2011, the Court entered an Order on Partial Revestment[17] and revested water rights in Defendants Paul Alex Weaver, Leonel Bazan, and Sharyland Water Supply Corporation as their interests in water rights existed immediately before the vesting of title in the United States and accordingly, all claims regarding water rights against the United States were fully satisfied in this case.[18]

---

[12] *Id.* at 3-4, ¶ 13.
[13] Dkt. No. 14.
[14] Dkt. No. 15.
[15] Dkt. Nos. 14 at 2-3, ¶¶ 5-7; 15 at 2, ¶¶ (a)-(c).
[16] Dkt. No. 18 at 2-3, ¶¶ 2-5.
[17] Dkt. No. 19.
[18] *Id.* at 2.

## II.   ISSUES OF TITLE AND JUST COMPENSATION REGARDING TRACT RGV-HRL-2003

7.   At this time, title and just compensation remains unresolved as to the fee estate taken in Tract RGV-HRL-2003. The United States intends to move forward with resolving all issues regarding eighteen (18) parties remaining in this case.[19] Of these 18 parties: Defendants (1) Paul Alex Weaver and (2) Gualberto Weaver have executed and filed waivers of service[20]; the United States has served Defendants (3) Estate of Thomas Weaver, (4) Estate of Idolina Garza Weaver, (5) Estate of Robert Weaver, (6) Estate of Margarita Weaver de Ceballos, (7) Jose Weaver, (8) Ramon Weaver, (9) Enrique Weaver, III, (10) Ernesto Weaver, (11) Reynaldo Weaver, (12) Arturo Weaver, (13) Lilia Weaver Blankenship, (14) Rita L. Weaver, (15) Roy A. Weaver, and (16) Beatriz Weaver by publication under FRCP 71.1(d)(3)(B) because their whereabouts and residence could not be ascertained by the United States after diligent inquiry within the state of Texas.[21]

8.   Prior to resolving the issues of title and just compensation, the United States must serve Defendants (17) Unknown Heirs and Assigns of Zoila Galvan Weaver and (18) Rudolfo Gerusa with notice by personal service and/or publication. After service of notice, the United States will proceed with resolving title and just compensation as to Tract RGV-HRL-2003 with all remaining parties.

## III.   CONCLUSION

To resolve title and just compensation in this case as to all 18 remaining defendants, the United States provides this advisory to inform the Court that reopening the above-styled case is

---

[19] *See* Schedule "GG," Dkt. Nos. 14-1 at 10-11; 15-1 at 10-11.
[20] *See* Dkt. Nos. 5 at 3 (Waiver of Service- Paul Alex Weaver); 17 at 3 (Waiver of Service- Gualberto Weaver).
[21] Dkt. Nos. 27 at 1, 4-5; 28-2 at 1.

necessary at this time, and respectfully requests a case specific scheduling order to advance the resolution of this case.

                Respectfully submitted,

                **JENNIFER B. LOWERY**
                Acting United States Attorney
                Southern District of Texas

By: *s/Baltazar Salazar*
     **Baltazar Salazar**
     Assistant United States Attorney
     S.D. Tex. ID No. 3135288
     Texas Bar No. 24106385
     **UNITED STATES ATTORNEY'S OFFICE**
     **SOUTHERN DISTRICT OF TEXAS**
     600 E. Harrison Street, Suite 201
     Brownsville, Texas 78520
     Tel: (956) 983-6057
     Fax: (956) 548-2775
     E-mail: Baltazar.Salazar@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on May 4-5, 2021, I mailed a true and correct copy of the foregoing document via regular mail to all known parties with known addresses in this case.

By: *s/Baltazar Salazar*
     **Baltazar Salazar**
     Assistant United States Attorney