IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 1:08-cv-00338 |
| 0.14 ACRE OF LAND, MORE OR LESS, § | |
| SITUATED IN CAMERON COUNTY, § | |
| TEXAS, AND PAUL ALEX WEAVER, *et al.*, § | |
|     *Defendants*. § | |

**UNITED STATES OF AMERICA'S STATUS REPORT**

Plaintiff, United States of America ("United States"), through the undersigned Assistant United States Attorney, files this Status Report per the Order entered by the Court on May 10, 2021.[1]

**I.    PROCEDURAL AND RELEVANT BACKGROUND**

1. On June 30, 2008, pursuant to the Declaration of Taking Act (40 U.S.C. § 3114), and Federal Rule of Civil Procedure 71.1, the United States filed a Complaint in Condemnation[2] and a Declaration of Taking[3] to acquire a fee interest in a 0.14 acre tract of land, identified as tract RGV-HRL-2003, for purposes of the border infrastructure project.[4]

2. On July 3, 2008, the United States deposited $9,600.00 in the Registry of the Court as estimated just compensation.[5] Upon deposit of the estimated just compensation, title to the tract identified as RGV-HRL-2003 vested in the name of the United States by operation of law.[6]

---

[1] Dkt. No. No. 32.
[2] Dkt. No. 1.
[3] Dkt. No. 2.
[4] Schedules "C," "D," & "E," Dkt, Nos. 1-1 at 6-10; 2-1 at 6-10.
[5] Dkt. No. 4 at 1.
[6] Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Registry of the Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee*

3. The United States and landowner Defendant Paul Weaver filed a "Joint Motion for Order Establishing Just Compensation and Distributing Funds on Deposit in the Registry of the Court"[7] September 22, 2008. At the time, the United States had not obtained a precise survey of land taken, or had finalized its title examination of the land taken. Because Defendant Paul Weaver stipulated to being the sole owner of Tract RGV-HRL-2003 on the date of taking, the parties stipulated to the resolution of the just compensation issue and requested "that the Court administratively close this case with the understanding that case [could] be reopened should any additional real party in interest with a claim upon the compensation be identified as a result of [final] title examinations and, if necessary, to clarify the precise taking pursuant to a metes and bounds survey."[8]

4. On September 24, 2008, the Court entered an Agreed Order[9], which established that $9,600.00, the full amount on deposit, constituted just compensation for the United States' taking of Tract RGV-HRL-2003, and entered judgment in favor of Defendant Paul Alex Weaver for that amount, less $859.62 paid to the Cameron County Tax Assessor-Collector for real estate taxes and assessments accrued.[10] The Court further administratively closed this case, but "retain[ed] jurisdiction over this matter, if necessary, to address any additional claims by real parties in interest revealed by the title examination and to clarify the description of the property as shown by the survey results."[11]

5. The title examination of Tract RGV-HRL-2003 and its parent parcel revealed that the United States had acquired water and drainage rights, and a permanent road and access

---

*Nat. Gas. Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit.").
[7] Dkt. No. 9.
[8] *Id.* at 3, ¶ 11.
[9] Dkt. No. 10.
[10] *Id.* at 1-2, ¶¶ 2-6.
[11] *Id.* at 3-4, ¶ 13.

easement appurtenant from landowners not previously identified or named in this case. Thus, the United States filed an Amendment to Complaint in Condemnation[12] ("Amended Complaint") and Amendment to Declaration of Taking[13] ("ADT") September 16, 2010, to clarify the legal description of Tract RGV-HRL-2003 and the accompanying plat to accurately reflect the results of final survey of Tract RGV-HRL-2003; to clarify the estate taken in Tract RGV-HRL-2003 in order to assure (i) landowners that water distribution and drainage systems were not taken and (ii) to reserve in landowners continued access to larger parcels via an easement appurtenant previously acquired by the United States for border security purposes in this case; and to add as defendants all known parties having or claiming an interest in Tract RGV-HRL-2003, who were identified in title examination results received after institution of this case.[14]

*Revestment of Water Rights in Landowner Defendants Paul Alex Weaver, Leonel Bazan, and Sharyland Water Supply Corporation.*

6. The United States' identified Defendants Paul Alex Weaver, Leonel Bazan, and Sharyland Water Supply Corporation as having an interest in water and drainage rights previously taken by the United States in this case.[15] On April 13, 2011, the United States and Defendants Paul Alex Weaver, Leonel Bazan, and Sharyland Water Supply Corporation stipulated to partial revestment of water rights to said Defendants, which were previously taken by the United States by operation of law on July 3, 2008 upon the vesting of the fee simple estate in Tract RGV-HRL-2003.[16] On April 14, 2011, the Court entered an Order on Partial Revestment[17] and revested water rights in Defendants Paul Alex Weaver, Leonel Bazan, and Sharyland Water Supply Corporation as their interests in water rights existed immediately before the vesting of title in the United States

---

[12] Dkt. No. 14.
[13] Dkt. No. 15.
[14] Dkt. Nos. 14 at 2-3, ¶¶ 5-7; 15 at 2, ¶¶ (a)-(c).
[15] *See* Schedule GG, Dkt. Nos. 14-1 at 11; 15-1 at 11.
[16] Dkt. No. 18 at 2-3, ¶¶ 2-5.
[17] Dkt. No. 19.

and accordingly, all claims regarding water and drainage rights against the United States were fully satisfied in this case.[18]

*Case Reopened to Resolve Issues as to all Remaining Parties identified in Amended Complaint and ADT filed by the United States.*

7.  On May 4, 2021, the United States filed an Advisory to the Court[19], requesting the that the Court reopen this case, which remained administratively closed since September 24, 2008[20], to address and resolve claims by remaining interested parties added in this case by the United States in its' Amended Complaint and ADT filed September 16, 2010.[21] On May 10, 2021, the Court reopened this case and scheduled a Status Conference for July 29, 2021 at 1:30 p.m.[22]

8.  The Court further ordered the United States to file by no later than July 15, 2021 status report, to include the following categories of information, as well as any additional information the United States believes is relevant to this matter: (1) The identified claimants and possible claimants to any just compensation; (2) the current status of discussions with those claimants and possible claimants; (3) the pending issues among the parties regarding just compensation or the identification of claimants and possible claimants; and (4) recommendations as to possible avenues for resolution of this matter.[23] Per the Court's Order, the United States provides the following update[24]:

## II.  STATUS UPDATE

  a.  *Identified Claimants and Possible Claimants Entitled to Any Just Compensation.*

9.  The United States reports that based on its' understanding of title and ownership in

---

[18] *Id.* at 2.
[19] Dkt. No. 30.
[20] Dkt. No. 10 at 3-4, ¶ 13.
[21] Dkt. No. 30 at 1.
[22] Dkt. No. 32 at 1.
[23] *Id.*
[24] *See* **Gov't Ex. 1** (Proofs of Service of Order Setting July 29, 2021 Status Conference [Dkt. No. 32] on all known Defendants with known addresses).

Tract RGV-HRL-2003, none of the sixteen (16) parties remaining in this case are entitled to just compensation and thus, the United States recommends the closing of this case. In particular, the 16 parties remaining in this case, identified below, were identified in the United States' title examination results received prior to the filing of the Amended Complaint and ADT as owners of the perpetual road easement appurtenant taken by the United States on the July 3, 2008 date of taking. Accordingly, the United States identified in its' Amended Complaint and ADT[25] and served the following parties remaining in this case: (1) Paul Alex Weaver[26], (2) Jose Weaver[27], (3) Estate of Thomas Weaver[28], (4) Estate of Robert Weaver[29], (5) Estate of Margarita Weaver de Ceballos[30], (6) Ramon Weaver[31], (7) Estate and Unknown Heirs and Assigns of Zoila Galvan Weaver[32], (8) Enrique Weaver III[33], (9) Ernesto Weaver[34], (10) Reynaldo Weaver[35], (11) Rudolfo Gerusa[36], (12) Arturo Weaver[37], (13) Lilia Weaver Blankenship[38], (14) Rita L. Weaver[39], (15) Roy A. Weaver[40], and (16) Beatrice Weaver.[41]

10. The sixteen party defendants, which include fee owner of Tract RGV-HRL-2003, Paul Alex Weaver, were named for purposes of the United States reserving defendants a permanent road easement appurtenant, identified as "Tract RGV-HRL-2000E-1 (a/k/a Yellow Barn Road)"

---

[25] *See* Schedule GG, Dkt. Nos. 14-1 at 10-11; 15-1 at 10-11.
[26] Dkt. No. 5 (Waiver of Service- Paul Alex Weaver).
[27] Dkt. No. 28-2 at 7 (Certificate of Publication- Jose Weaver).
[28] *Id.* (Certificate of Publication- Estate of Thomas Weaver).
[29] *Id.* (Certificate of Publication- Estate of Robert Weaver).
[30] *Id.* (Certificate of Publication- Estate of Margarita Weaver de Ceballos).
[31] *Id.* (Certificate of Publication- Ramon Weaver).
[32] *Id.* (Certificate of Publication- Estate and Unknown Heirs and Assigns of Zoila Galvan Weaver).
[33] Dkt. No. 33 (Wavier of Service- Enrique Weaver III).
[34] Dkt. No. 35 (Waiver of Service- Ernesto Weaver).
[35] Dkt. No. 28-2 at 7 (Certificate of Publication- Reynaldo Weaver).
[36] *Id.* (Certificate of Publication- Rudolfo Weaver in Publication).
[37] *Id.* (Certificate of Publication- Arturo Weaver).
[38] *Id.* (Certificate of Publication- Lilia Weaver Blankenship).
[39] *Id.* (Certificate of Publication- Rita L. Weaver).
[40] *Id.* (Certificate of Publication- Roy A. Weaver).
[41] *Id.* (Certificate of Publication- Beatrice Weaver).

in Schedule EE of the Amended Complaint and ADT[42], in order for said landowner defendants to have continued access to their lands south of Tract RGV-HRL-2003. With the exception of Paul Alex Weaver, who stipulated to being the sole owner of the fee estate taken and obtained judgment in this case against the United States for the fee simple taking of Tract RGV-HRL-2003[43], the remaining 15 landowner defendants retained a permanent right-of-way across the land originally taken in this case; said landowner defendants have not asserted a claim for just compensation at this time, or since being served with notice of the estate taken in Tract RGV-HRL-2003.

      b.     *Current Status of Discussions with Claimants and Potential Claimants and Pending Issues Among the Parties Regarding Just Compensation or the Identification of Claimants and Possible Claimants.*

11.     The United States attempted service of the Court Order entered May 10, 2021 on all known parties, with known addresses, remaining in this case[44], however, only has communicated with Gualberto Weaver and Defendant Ernesto Weaver. Both concur with the United States' understanding of title and just compensation. Accordingly, Gualberto Weaver disclaimed any interest in just compensation[45] and has been dismissed by the Court[46]; the United States anticipates filing Defendant Ernesto Weaver's disclaimer once received.

12.     To the extent than any remaining landowner defendants, or possible claimants not identified in the United States' Amended Complaint and ADT, may be entitled to just compensation in this case, none have come forward and made such claim at this time, or at any time since the Court administratively closed this case September 24, 2008.

---

[42] *See* Schedule EE, Dkt. Nos. 14-1 at 7-8; 15-1 at 7-8.
[43] *See* Dkt. No. 10.
[44] *See* **Gov't Ex. 1**.
[45] Dkt. No. 34-1.
[46] Dkt. No. 36.

*c.*     *Recommendations as to Possible Avenues for Resolution of this Matter*

13.     The United States recommends that the Court enter an order closing this case as all issues as to the estate taken, as described in Schedule EE of the United States' Amended Complaint and ADT, in Tract RGV-HRL-2003 have been resolved.

## CONCLUSION

For the foregoing reasons, the United States requests that the Court order the closing of the above-referenced matter as all issues in this condemnation case have been resolved.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF TEXAS
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on July 15-20, 2021, I mailed a true and correct copy of the foregoing document via regular mail and/or email to all named parties with known addresses in this case.

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney